UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE KL 66,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOE 1, et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-07661-AMO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 15 |

Before the Court is Plaintiff's motion to remand. ECF 15. The motion is fully briefed and suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, the motion is **GRANTED**.

Remand is appropriate for two reasons. First, while Doe Defendants 1 and 2 removed this action to federal court on the basis of diversity jurisdiction, complete diversity is lacking. Plaintiff is a resident of California. Two of the Doe Defendants named in Plaintiff's complaint are Utah corporations whose principal places of business are located in that state. The third Doe Defendant, according to the allegations in Plaintiff's complaint, is a religious entity and subsidiary of Doe 1 of unknown form, operating pursuant to California law, with its principal place of business in Antioch. Doe 3 is registered to do business in California, and operates, maintains, and manages Doe 1's congregations and wards within Contra Costa County at the direction of and under the control of Doe 1. Doe 3 has, or has had, responsibility for some or all operations in Contra Costa County, California, and Doe 3 reports directly to Doe 1. Doe 3 is a forum defendant and as such, destroys diversity. The Court rejects the arguments by Does 1 and 2 that Doe 3 – a "Stake" – is merely a subpart of the church that is named as Doe 1, not a separate legal entity that may be sued. *See Church Mut. Ins. Co., S.I. v. GuideOne Specialty Mut. Ins. Co.*, 72 Cal. App. 5th 1042, 1059

(2021) (affirming the trial court's conclusion that entity operated as an unincorporated religious association and finding "no doubt that the members of the [entity's] congregation both shared a common purpose and functioned under a common name under circumstances where fairness requires the group be recognized as a legal entity").

Second, even if Does 1 and 2 were correct that Doe 3 is not a separate entity, remand would nonetheless be appropriate. Indeed, Does 1 and 2 argue that to the extent Plaintiff names Does 4 to 100 as defendants, they are fictitious Defendants whose citizenship is irrelevant for removal purposes. That holds as to all Doe Defendants, not just Does 4 to 100. That, as Defendants claim, Plaintiff only designated them as Does "pursuant to the mandate of California Code of Civil Procedure § 340.1(k)," is "irrelevant – the removal statute obligates the Court to disregard [Doe Defendants'] citizenship regardless of whether Doe 3 is actually fictitious or whether state law mandates use of the Doe designation." *See Geppert v. Doe 1*, No. 23-CV-03257-SVK, 2023 WL 5804156, at *3 (N.D. Cal. Sept. 7, 2023) (emphasis supplied). Diversity is therefore lacking because "[i]t does not exist where one party possesses citizenship, and all opposing parties possess no citizenship." *Id.*; *see also Schultz v. Doe 1*, No. 23-CV-03290-BLF, 2023 WL 7924717, at *5 (N.D. Cal. Nov. 16, 2023) (applying *Geppert* and remanding case for lack of diversity jurisdiction).

For the reasons set forth above, Plaintiff's motion to remand is **GRANTED**. The Clerk is instructed to **REMAND** this action back to Contra Costa County Superior Court and close the file in this matter.

**IT IS SO ORDERED.**

Dated: December 31, 2024

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge